SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
P.065-13191S

Attorneys for Secured Creditor
PROVIDENT CENTRAL CREDIT UNION

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

GENEROSO VALENZUELA ABESAMIS and
MAGDALENA ALDANA ABESAMIS,

Debtors.

Bk. No. 11-49128-RLE

Chapter 13

**OBJECTIONS TO CONFIRMATION OF PLAN**

341(a) Hearing-
Date: October 6, 2011
Time: 2:00 p.m.
Place: Office of U.S. Trustee
1301 Clay St. #690N
Oakland, CA

PROVIDENT CENTRAL CREDIT UNION, its assignees and/or successors in interest, secured creditor of the above named Debtors, hereby objects to the confirmation of Debtors' proposed Chapter 13 Plan on the following grounds:

1. PROVIDENT CENTRAL CREDIT UNION ("Lender") is the beneficiary under a First Trust Deed obligation, which was executed by Debtors, and which is secured by the real property located at **6155 McBryde Avenue, Richmond, CA 94805** ("Property").

2. The pre-petition arrears owed to Lender on its secured Trust Deed obligation are $14,891.36, pursuant to Lender's proof of claim on file with this Court. However, Debtors have listed in the Plan that Lender's pre-petition claim is $7,000.00. As a result, the Plan is infeasible and violates 11 U.S.C. § 1325(a)(6) because Lender's claim is understated and

the scheduled payments under the Plan will not cover the increased amount due to Lender under the claim.

3. Debtors' Plan provides for direct monthly payments to Lender in the amount of $2,800.00. This monthly payment amount is not accurate. Debtors' regular monthly payment on their loan is $2,807.42. Due to prior defaults for taxes, and according to the loan documents, the Debtors are required to pay an impound for these amounts, bringing the monthly payment amount to $4,313.56. Lender asserts that this amount should be required. Accordingly, the Plan is infeasible.

4. Debtor has failed to submit one (1) post-petition Trust Deed payment for the month of October, 2011. This is contrary to the Ninth Circuit Bankruptcy Appellate Panel's holding in In re Proudfoot, 144 B.R. 876 (9th Cir. BAP 1992).

5. Lender requests that it be paid interest on that portion of its claim constituting advances made to cure taxes. In the present case, the advances total $9,557.28 and consist of advances paid for taxes. See Cal. Civ. Code § 2876; California Mortgage and Deed of Trust Practice, Bernhardt Roger, 3rd Ed. § 8.74; See also In re Estreito, 111 B.R. 294, 1990 (B.A.P. 9th Cir. Cal. 1990).

WHEREFORE, Lender prays that Debtors' Plan not be confirmed and that these proceedings be dismissed.

SCHEER LAW GROUP, LLP

DATED: October 6, 2011  /s/ Reilly D. Wilkinson
#250086

# SPECIAL NOTICE

THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

**The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.**

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify PROVIDENT CENTRAL CREDIT UNION 's attorneys in writing within 30 days of receipt of this letter that all or a part of your obligation or judgment to PROVIDENT CENTRAL CREDIT UNION is disputed, then PROVIDENT CENTRAL CREDIT UNION 's attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to PROVIDENT CENTRAL CREDIT UNION . In addition and upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days of receipt of this letter, I will assume that your debt to PROVIDENT CENTRAL CREDIT UNION is valid. Please be advised that the creditor is not obligated to wait 30 days before taking legal action against you.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence

1  or arrest or by using obscene language.  Collectors may not use false or misleading statements or
2  call you at work if they know or have reason to know that you may not receive personal calls at
3  work.  For the most part, collectors may not tell another person, other than your attorney or
4  spouse, about your debt.  Collectors may contact another person to confirm your location or
5  enforce a judgment.  For more information about debt collection activities, you may contact the
6  Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ATTACHMENT "1"